**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-7098**

---

KEVIN A. WATSON,

         Plaintiff - Appellant,

     v.

B. L. KANODE; H. SHARPE; T. DOWELL; D. HAYNES; C. WHITT; D. ANDERSON; C. MANIS; MS. M. JONES,

         Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Thomas T. Cullen, District Judge. (7:21-cv-00119-TTC-JCH)

---

Submitted: September 12, 2024             Decided: September 16, 2024

---

Before THACKER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Kevin A. Watson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin A. Watson appeals the district court's order denying relief on his 42 U.S.C. § 1983 complaint.  As to Watson's claim that being housed near mentally ill inmates violated the Eighth Amendment, the district court found that:  (1) two of the named Defendants—the Warden and a Major at the prison—were subject to dismissal because Watson did not allege their personal involvement; (2) the housing of mentally ill inmates on the lower floor of the same pod in which Watson was housed did not, as a matter of law, create a serious risk of grave harm to Watson; and (3) even if Watson's allegations stated an Eighth Amendment claim based on a risk-of-harm theory, Defendants were entitled to qualified immunity because such a right was not clearly established.  Upon review, we discern no reversible error in these rulings, particularly in terms of the lack of established authority supporting Watson's theory that being housed *near* mentally ill inmates creates a substantial risk of grave harm.  *Cf. Quinn v. Zerkle*, 111 F.4th 281, 294 (4th Cir. 2024) (explaining that qualified immunity will be denied when this court "determine[s] that officers in the Fourth Circuit have been provided fair warning, with sufficient specificity, that their actions would violate the Constitution" (internal quotation marks omitted)).

Watson also assigns error to the district court granting Defendant Dr. Haynes summary judgment on a conditions-of-confinement claim related to Watson's placement in a dry cell.  Our review of the record confirms the court's holding that, even assuming Dr. Haynes' personal involvement with the dry cell order, there is no evidence showing Dr. Haynes' awareness that the identified officers—who are not Defendants—were violating prison policy permitting an inmate housed in a dry cell to request access to water

2

for hygiene purposes.  At most, Watson averred in his affidavit that one officer told Watson that Dr. Haynes would fire him if the officer allowed Watson access to water, but "summary judgment affidavits cannot be . . . based upon hearsay," *Simmons v. Whitaker*, 106 F.4th 379, 386 (4th Cir. 2024) (brackets and internal quotation marks omitted), and it is undisputed that Dr. Haynes lacked supervisory authority over security officers.  We thus discern no error in the court's conclusion that there was no genuine dispute of material fact as to either Dr. Haynes' knowledge of the substantial risk to Watson's health arising from the officers' refusal of his requests for water for hygiene purposes, or intentional disregard of the same.

For these reasons, we affirm the district court's order.  *Watson v. Kanode*, No. 7:21-cv-00119-TTC-JCH (W.D. Va. Sept. 29, 2023).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*